UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JESSE R. REDMOND, JR., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )   Civil Action No. 23-0042 (UNA) |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's application to proceed *in forma pauperis*, ECF No. 2, his *pro se* complaint, ECF No. 1, and motion for appointment of counsel, ECF No. 3. The Court grants plaintiff *in forma pauperis* status, denies the motion for appointment of counsel and, for the reasons discussed below, dismisses the complaint.

The Court construes the complaint as one bringing a claim under the Federal Tort Claims Act ("FTCA"). Plaintiff alleges that a government witness provided false testimony at trial, leading to plaintiff's conviction in the Superior Court of the District of Columbia and imposition of a sentence to 15 years to life imprisonment. For alleged violations of the Fourth and Fifth Amendments to the United States Constitution, and for the mental and emotional distress he has suffered, plaintiff demands compensatory damages of $10 million and punitive damages of $50 million.

The Supreme Court instructs:

1

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Here, plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages fails. *See West v. Huvelle*, No. 18-CV-2443, 2019 WL 6498818, at *6 n.1 (D.D.C. Dec. 3, 2019) (concluding that, because guilty plea on which criminal conviction and sentence were based had not been declared invalid, plaintiff fails to state claim for damages under FTCA); *Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 208 (D.D.C. 2007) ("Absent a showing that plaintiff's conviction or sentence has been overturned or declared invalid, then, he cannot recover damages under the FTCA."); *see also Parris v. United States*, 45 F.3d 383, 385 (10th Cir.) (reasoning that "[t]he FTCA like [42 U.S.C.] § 1983, creates liability for certain torts committed by government officials. As such, we conclude the same common law principles that informed the Supreme Court's decision in *Heck* should inform the decision of whether an action under the FTCA is cognizable when it calls into question the validity of a prior conviction."), *cert. denied*, 514 U.S. 1120 (1995).

The Court will dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order is issued separately.

DATE: January 12, 2023                                    /s/
                                                          CHRISTOPHER R. COOPER
                                                          United States District Judge